Bryant et al. *v.* Ohio College of Dental Surgery.

---

E. C. BRYANT ET AL. *v.* THE OHIO COLLEGE OF DENTAL SURGERY.

Where a close corporation, created by special act of the legislature, which provides for no issue of stock, for the purpose of an endowment obtained moneys and issued the following certificate: "Ohio College of Dental Surgery. This may certify that Dr. A. J. Reeves is entitled to one share of the real estate property of the college, drawing an interest of six per cent., and transferable only in accordance with the constitution of the college association:"

*Held,* that the said certificate is a measure of the holder's interest in the corporate property, and is a contract with the holder to pay a certain

rate of interest upon the said share so long as the, corporation carries out the purposes of its' creation.

Where no time is mentioned for paying the interest: *Held,* that it is payable in a reasonable time.

Reserved to General Term.

*De Camp,* and *Matthews & Ramsey,* for plaintiffs.

*King, Thompson & Avery,* for defendant.

HAGANS, J. This case, which was before us last October term, now stands on a second amended petition, with two causes of action stated. To the first of these a demurrer is interposed, and a motion to strike out the second, and both are reserved here for determination.

The plaintiffs sue as the administrators of Dr. A. J. Reeves, upon a certificate, of which the following is a copy:

"OHIO COLLEGE OF DENTAL SURGERY.

"This may certify that Dr. A. J. Reeves is entitled to one share of the real estate property of the college, drawing an interest of six per cent., and transferable only in accordance with the constitution of the college association. Shares $100 each.

"CHAS. BONSALL, AND OTHERS,

"*Trustees.*

"CINCINNATI, *February* 20, 1854."

The defendant is a corporation. The plaintiffs allege, in the first cause of action, that their intestate paid the defendant said money, whereupon the defendant, by said trustees, made and delivered said certificate. The petition describes the real estate referred to in the certificate, being the property on which the college building stands, on the west side of College street, between Sixth and Seventh streets, Cincinnati, and alleges that said real estate was held by said trustees and certain other persons at the date of the certificate, under a bond for title, and that in May, 1854, conveyance thereof was made to said trustees for the

use of the corporation and of the several persons who had advanced money to it to be used in the purchase and improvement of the premises, and to secure the payment of the interest to accrue on said certificate, and others of like nature issued to other persons. They allege that no interest has been paid to them, and that there is due on the certificate interest from February 20, 1854, and ask for judgment therefor.

This corporation was created by special act of the legislature of Ohio, January 21, 1845, which provides for no stock or stockholders as such, but is by the act made what is popularly known as a close corporation, its board of trustees being self-perpetuating. Its by-laws and other regulations are not pleaded, and we may conclude there is nothing in them inconsistent with the charter. It has the power to sue and be sued, acquire, hold, and convey property *for the endowment* of said college, to contract and be contracted with, .etc. See Local Laws of Ohio, vol. 43, page 32.

It is fair to infer, from the allegations of the petition, that the money paid to the trustees named was to constitute a fund for buildings and improvements for the use of the corporation and to enable it to carry out the purposes of its creation, and with no expectation or purpose of its ever being repaid so long as those purposes were subserved. But it was expected that profit would be made by the establishment and operation of the college, and the corporation was willing, therefore, in order to establish and operate the college, and to get the necessary means to do so, and as an inducement to its friends to make contributions, to pay them interest on the sums they might advance, and to pledge to each person, possibly in an unauthorized and insufficient form, what is called the " shares in the real estate property of the college." These " shares" merely measured the extent of the contributions made by each and all, but entitled those who held the certificates of shares to none of the rights and powers of share or

.stockholders as such, so far as is shown. For this is not a stock company, and has none of the usual features of such a corporation; but by the charter it had the right to make contracts, such as obviously promoted its purposes and beneficially served to accomplish its objects. We see no reason why it might not make and be bound by such a contract, as set out in the certificate sued on. It is an obligation or promise to pay, not the principal sum—for that the contributor was willing to hazard in the enterprise so long as it was carried on—but to pay the interest on the principal sum, absolutely and unconditionally, for that the contributor demanded as the price of his assistance to the corporation. There is no allegation that the corporation has failed of its purpose.

The certificate is not stock, but it is a contract to pay interest on $100 from its date, leaving, as it seems, the principal sum by way of endowment, or as the measure of the holder's interest in the corporate property, in the nature of a security, if the corporation should fail of its purpose, as well as the foundation and extent of the obligation entered into on its part.

But it is said that no time is fixed for the payment of the principal, and that the interest is not payable until the principal is due. Upon this construction, the interest would never be payable so long as the corporation was in existence and carried out its purpose. Even though it might be fully able to pay, the contract to pay could not be enforced, though possibly that condition makes no difference. But here there is no express contract to pay the principal at all, but to pay the interest on an admitted sum in the use of the defendant, from which sum it reaps all the advantages of that use. And it must be held, having contracted absolutely to pay the interest, the defendant meant to be bound by it. And we must further hold that by this contract the payment of the interest was not to be indefinitely postponed.

We are rather disposed to consider the interest named

in the certificate not as interest strictly, and that, as any other debt where the instrument creating it is indefinite as to the time of payment, it is payable in a reasonable time.

The demurrer must be overruled, with leave to answer.

The second cause of action sets forth that the plaintiffs are the heirs at law of Dr. Reeves, and as such entitled to share in said real estate; and as they are not advised who the other shareholders are, they ask that the defendant disclose them, and pray the appointment of a trustee, the ascertainment of all the interests, a judgment for the interest, a sale, and a distribution of the proceeds accordingly.

The statement of this cause of action shows the propriety of the motion.

Motion granted, and cause remanded for further proceedings.